## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON McDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| IMMERMAN & TOBIN CO., L.P.A. | ) | **JURY DEMAND ENDORSED HEREON** |
| and CAVALRY SPV I, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRANDON McDOWELL, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendants, IMMERMAN & TOBIN CO., L.P.A. and CAVALRY SPV I, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as  he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff to Defendant CAVALRY SPV I, LLC (hereinafter "Cavalry").

6.      On information and belief, Defendant IMMERMAN & TOBIN CO., L.P.A. (hereinafter "Immerman") is a legal professional association of the State of Ohio, which has its principal place of business in Cincinnati, Ohio.

7.      On information and belief, Defendant Cavalry is a limited liability Company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Hawthorne, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.      On or about August 8, 2008, Immerman, acting as the attorneys and authorized agents of Cavalry, filed a lawsuit against Plaintiff in the Cleveland Municipal Court, case number 2008 CVF 019487 (hereinafter the "2008 lawsuit"), in an attempt to collect the aforementioned alleged debt.

9.      Within 30 days after service of the complaint filed against Plaintiff in the 2008 lawsuit, Plaintiff sent written correspondence to Defendants, requesting validation and/or verification of the aforementioned alleged debt.  Plaintiff never received any response to his request for validation and/or verification.

10.     On or about October 22, 2008, Immerman filed a motion for default judgment against Plaintiff in the 2008 lawsuit.  Said motion was set for a hearing before the Cleveland Municipal Court on November 25, 2008.

11.     On November 25, 2008, Plaintiff appeared before the Cleveland Municipal Court for said hearing.  However, neither Immerman nor Cavalry appeared in court for the hearing on their motion for default judgment.  As such, on or about December 12, 2008, the Cleveland Municipal Court dismissed the 2008 lawsuit without prejudice.

12.     On or about July 30, 2009, Immerman, acting as the attorneys and authorized agents of Cavalry, filed a second lawsuit against Plaintiff in the Cleveland Municipal Court, case number 2009 CVF 016253 (hereinafter the "2009 lawsuit"), in a further attempt to collect the aforementioned alleged debt.

13.     On or about November 30, 2009, the Cleveland Municipal Court also dismissed the 2009 lawsuit without prejudice.  However, on January 26, 2010, on the court's own motion, said dismissal entry was vacated and the 2009 lawsuit was reinstated.  Defendants have continued to litigate the 2009 lawsuit, which remains pending as of the filing of this Complaint.

14.     All of the actions of Immerman as alleged above were undertaken as the attorneys and authorized agents of Cavalry.

15.     In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

a.     Continuing collection activities without providing verification of the alleged debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b);

3

      b.      Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

      c.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16.     As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRANDON McDOWELL, respectfully prays for a judgment against Defendants as follows:

      a.      Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

17.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18.     Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

19.     Defendants are "suppliers" as defined in Ohio Rev. Code § 1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

20.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier(s), the Defendants herein.

21.     Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

22.     Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

23.     As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, BRANDON McDOWELL, respectfully prays for a judgment against Defendants as follows:

a.     Statutory damages of $200.00 from each Defendant for each violation of the OCSPA;

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122-5452
(888) 493-0770, ext. 302 (phone)
(866) 551-7892 (facsimile)
David@LuxenburgLevin.com